IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID RICE,   ) | | |
|     ID # 50259-177,   ) | | |
|        Movant,   ) | | |
| ) | No. 3:19-CV-3049-B-BH | |
| vs.   ) | No. 3:15-CR-383-B(1) | |
| ) | | |
| UNITED STATES OF AMERICA,   ) | | |
|        Respondent.   ) | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Amended Motion for Tolling of Time to File 28 U.S.C. § 2255 and Memorandum in Support of Movant's Petition Under 28 U.S.C. § 2255*, received on February 26, 2020 (doc. 11), should be **DENIED** with prejudice.

**I.    BACKGROUND**

David Rice (Movant) challenges his conviction and sentence in Cause No. 3:15-CR-383-B(1). The respondent is the United States of America (Government).

**A.    <u>Conviction and Sentencing</u>**

On September 1, 2015, Movant and a co-defendant were charged by indictment with conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a) (Count One), and using, carrying, and brandishing a firearm during and in relation to, and possessing and brandishing a firearm in furtherance of, a crime of violence, and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. (*See* doc. 1.)[2] The predicate crime of violence under Count Two was conspiracy to interfere with commerce by robbery as alleged in Count One. (*See id.* at

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:15-CR-383-B(1).

7.)³  On July 27, 2017, Movant pled guilty to both counts of the indictment, under a plea agreement. (*See* docs. 80, 83.)

In his plea agreement, Movant stated that he understood and waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself. (*See* doc. 80 at 1.)  He agreed that he understood the nature and elements of the crimes to which he was pleading guilty, and that the factual resume he signed was true and would be submitted as evidence. (*See id.* at 1-2.)  The plea agreement set out the range of penalties for Count One and Count Two, and it stated that Movant had reviewed the federal sentencing guidelines with counsel, that he understood his sentences would be imposed by the Court after consideration of the sentencing guidelines, which were advisory and not binding, and that no one could predict with certainty the outcome of the Court's consideration of the guidelines. (*See id.* at 2-3.)  He understood that the Court had sole discretion to impose the sentences. (*See id.* at 3.)  He had reviewed all legal and factual aspects of the case with counsel and believed that it was in his best interest to enter into the plea agreement and plead guilty. (*See id.* at 6.)  The guilty pleas were freely and voluntarily made and were not the result of force or threats, or of promises apart from those included in the plea agreement. (*See id.* at 5-6.)

The plea agreement also included an appeal waiver under which Movant waived his right to appeal his convictions and sentences and his right to otherwise contest his convictions and sentences in a collateral proceeding, except that he reserved the right (a) to bring a direct appeal of a sentence exceeding the statutory maximum punishment or an arithmetic error at sentencing, (b) to challenge the voluntariness of his guilty pleas or the appeal waiver, and (c) to bring a claim

---

³ Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

of ineffective assistance of counsel. (*See id.* at 6.) In exchange, the Government agreed not to bring any additional charges against him based on the conduct underlying and related to his guilty pleas. (*See id.* at 5.)

At his re-arraignment on July 27, 2017, Movant acknowledged under oath that he thoroughly reviewed his factual resume with counsel, that the facts in the resume were true, and that he committed all the essential elements of both charged counts. (*See* doc. 113 at 18-20.) He also acknowledged that he understood the rights he was giving up by pleading guilty, and that he was voluntarily waiving his right to appeal, except in the limited circumstances of appealing a sentence higher than allowed by statute or an arithmetic error in the calculation of a sentence, challenging the voluntariness of his guilty plea, and bringing a claim of ineffective assistance of counsel. (*See id.* at 8-10.) Movant pled guilty to both counts, and the Court found that his guilty plea was knowing and voluntary. (*See id.* at 17-18, 21.)

On October 12, 2017, the United States Probation Office (USPO) prepared a Presentence Investigation Report (PSR) in which it applied the 2016 United States Sentencing Guidelines Manual. (*See* doc. 89-1 at ¶ 27.) Based on the multiple substantive offenses that Movant conspired to commit, the PSR calculated a combined adjusted offense level of 32 for Count One, from which three levels were deducted for acceptance of responsibility, resulting in a total offense level of 29. (*See id.* at ¶¶ 28, 54-60.) For Count Two, the PSR noted that the guideline sentence for that count was the minimum term of imprisonment required by the statute, to run consecutive to any other term of imprisonment. (*See id.* at ¶ 61.) Based on a total offense level of 29 and a criminal history category of III, the guideline imprisonment range was 108 to 135 months on Count One; the guideline imprisonment range was the statutory mandatory minimum term of 84 months on Count Two, to run consecutive to any other sentence imposed. (*See id.* at ¶ 100.)

On November 17, 2017, the USPO issued an addendum to the PSR in which it provided supplemental information that did not impact the guideline sentences. (*See* doc. 91-1.) On March 29, 2018, Movant objected to the PSR's application of enhancements to Count One for displaying, brandishing, or otherwise using a firearm, arguing that because Count Two encompassed the substantive offenses charged in Count One, the enhancements did not apply; he also requested a one-level downward departure because his criminal history was overstated. (*See* doc. 99 at 1-3.) The USPO issued a second addendum to the PSR on March 29, 2018, in which it addressed Movant's objections. (*See* doc. 101-1.) The second addendum supported the PSR as written, but it noted that if Movant's objections to the firearm enhancements for Count One were sustained, the total offense level would be 23; with a new offense level of 23 and a criminal history category of III, the new guideline imprisonment range for Count One would be 57 to 71 months. (*See id.* at 1-2.) The Government filed a response to Movant's objections on May 7, 2018. (*See* doc. 105.)

At the sentencing hearing on May 17, 2018, the Government noted on the record that after Movant pled guilty, the Supreme Court issued its ruling in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), holding that the language in the residual clause of 18 U.S.C. § 16(b) was unconstitutionally vague. (*See* doc. 114 at 2-4.) The Government stated that the exact same language found unconstitutionally vague in *Dimaya* was used to premise Movant's 924(c) offense, Movant was made aware of the issue, and Movant wanted to proceed with sentencing without signing a plea agreement modification to cure any potential issue. (*See id.* at 2-3, 7.) Movant agreed on the record that he discussed the issue with counsel and had decided to proceed with sentencing under the plea agreement as it stood, rather than sign a plea agreement modification or seek to withdraw his guilty pleas. (*See id.* at 4-7.) After hearing the parties' arguments on Movant's objections to the PSR, the Court overruled the objection that his criminal history was overstated and sustained

his objections to the firearm enhancements to Count One, resulting in a guideline imprisonment range of 57 to 71 months for that count. (*See id.* at 10-19, 25.) By judgment dated May 17, 2018, Movant was sentenced to consecutive terms of 71 months' imprisonment on Count One, and 84 months' imprisonment on Count Two, to be followed by a two-year term of supervised release. (*See* doc. 107 at 1-3.) His federal sentences were to run concurrently with any sentences imposed in two related state cases. (*See id.* at 2.) Movant did not file an appeal.

**B.      Substantive Claim**

After filing an initial § 2255 motion, received on December 23, 2019, Movant filed his amended § 2255 motion on February 26, 2020. (*See* No. 3:19-CV-3049-B-BH, docs. 2, 11.) His amended § 2255 motion states one ground for relief challenging his conviction on Count Two under *United States v. Davis*, 139 S. Ct. 2319 (2019):

> [Movant's] conviction must be vacated because conspiracy to commit Hobbs Act Robbery is not a crime of violence under the elements clause of § 924(c).

(*Id.*, doc. 11 at 11.) The Government filed a response on April 7, 2020. (*See id.*, doc. 14.) Movant filed a reply on April 19, 2020. (*See id.*, doc. 15.) On July 7, 2022, the Government filed a notice of supplemental authority based on the Fifth Circuit's decision in *United States v. Caldwell*, 38 F.4th 1161 (5th Cir. 2022) (per curiam). (*See id.*, doc. 16.)

## II.      SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

5

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III.  WAIVER

In his only ground, Movant contends that based on the Supreme Court's ruling in *Davis*, his conviction and sentence for Count Two of the underlying criminal case "must be vacated because conspiracy to commit Hobbs Act Robbery is not a crime of violence under the elements clause of § 924(c)." (No. 3:19-CV-3049-B-BH, doc. 11 at 11; *see also id.*, doc. 11 at 2, 11-18.) The Government argues that this claim is barred by the waiver provision in Movant's knowing and voluntary plea agreement. (*See id.*, doc. 14 at 3-8.)

The plea agreement waiver in this case bars all claims on collateral review under § 2255, except for those that go to the voluntariness of Movant's guilty plea or the appeal waiver and the ineffectiveness of counsel. (*See* doc. 80 at 6.) Movant does not challenge the voluntariness of his guilty plea or the appeal waiver; nor does he contend that counsel rendered ineffective assistance. As for his collateral attack under *Davis*, the Fifth Circuit has held that, generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v.*

6

*Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994) (per curiam), *accord United States v. White,* 307 F.3d 336, 343 (5th Cir. 2002). Further, "defendants can waive the right to challenge both illegal and unconstitutional sentences." *United States v. Barnes*, 953 F.3d 383, 389 (5th Cir. 2020). In the specific context of a *Davis* claim raised on collateral review by a movant whose pre-*Davis* plea of guilty to a § 924(c) charge predicated on conspiracy to interfere with commerce by robbery under § 1951(a), as here, the Fifth Circuit recently held that a movant's plea waiver bars such a collateral attack under § 2255. *See Caldwell*, 38 F.4th at 1161-62 (citing *Grzegorczyk v. United States*, 142 S. Ct. 2580, 2580 (2022) (stating that a § 2255 movant's unconditional guilty plea "precluded any argument based on the new case law."); *see also United States v. Brooks*, No. 20-10401, 2022 WL 2871200, at *2 (5th Cir. July 21, 2022) (per curiam) ("We recently held that plea waivers of the right to collaterally attack a sentence apply to *Davis* claims."). Movant's *Davis* claim is barred by his plea waiver.

The Fifth Circuit has recognized exceptions to an informed and voluntary plea waiver in instances involving ineffective assistance of counsel claims affecting the validity of the collateral review waiver or guilty plea, and "'where the sentence facially (or perhaps indisputably) exceeds the statutory limits.'" *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004) (quoting *White*, 307 F.3d at 343 n.4). These exceptions do not apply here, however. Movant does not claim that his counsel was ineffective in any way that affected the validity of his collateral review waiver or guilty plea. To the extent he argues in his reply brief that his sentence on Count Two exceeds the statutory maximum because his conviction was unconstitutional under *Davis*, and therefore his collateral review waiver does not apply, his claim fails.[4] Under its "usual and ordinary meaning,"

---

[4] To support this argument, Movant relies on non-binding case law that the Fifth Circuit has noted, but not followed. (*See* No. 3:19-CV-3049-B-BH, doc. 15 at 6-9 (citing *United States v. Cornette*, 932 F.3d 204, 209 (4th Cir. 2019))); *Barnes*, 953 F.3d at 388 n. 9.

7

a statutory maximum for a sentence describes "the upper limit of punishment that Congress has legislatively specified for violations of a statute." *United States v. Bond*, 414 F.3d 542, 545 (5th Cir. 2005) (quoting *United States v. Rubbo*, 396 F.3d 1330, 1334-35 (11th Cir. 2005)) (internal quotation marks omitted); *see also United States v. Moore*, 844 F. App'x 746, 747 (5th Cir. 2021) ("[O]ur court looks to the sentencing limit specified in [the defendant's] federal- charging statute[.]"). Because Movant's sentence of 84 months on Count Two, the statutory minimum sentence, did not exceed the statutory maximum of life imprisonment for a conviction under § 924(c)(1)(A)(ii), his claim does not fall within the statutory maximum exception to his waiver.[5] *See* 18 U.S.C. § 924(c)(1)(A)(ii); *United States v. Juarez*, 812 F.3d 432, 434 (5th Cir. 2016). Movant has not shown that an exception to his plea waiver applies.

Because Movant's *Davis* claim is barred by his knowing and voluntary plea waiver, and he has failed to show that any exception to his plea waiver applies, he is not entitled to § 2255 relief.

## IV. ACTUAL INNOCENCE

In his reply, Movant contends that his plea waiver does not bar § 2255 relief "because the decision in *Davis* renders [Movant] actually innocent of the § 924(c) conviction, and actual innocence is an exception to the plea waiver." (No. 3:19-CV-3049-B-BH, doc. 15 at 9.) He argues that "[s]ince [Movant] was convicted of § 924(c) based on the residual clause . . . the government did not have the ability to convict him of the elements clause, the remaining portion of the statute," so he "is 'actually innocent' of § 924(c)." (*Id.*, doc. 15 at 9-10.) Movant seeks the

---

[5] To the extent Movant's argument regarding the statutory maximum is contingent on his *Davis* challenge, he has waived his right to that challenge under the plea agreement, as discussed. The Fifth Circuit also implicitly rejected a similar argument raised on appeal in *Brooks* when it affirmed the denial of § 2255 relief on grounds that "plea waivers of the right to collaterally attack a sentence apply to *Davis* claims." *Brooks*, 2022 WL 2871200, at *2; *see also* Brief for Appellant at 29, *Brooks*, No. 20-10401 (5th Cir. Aug. 26, 2020).

adoption of "a miscarriage of justice exception to [his] waiver due to the unconstitutional nature of his conviction and sentencing." (*Id.*, doc. 15 at 11.)

As discussed, Movant waived any right he would have had to challenge his conviction and sentence on Count Two under *Davis* in a collateral proceeding. The Fifth Circuit has "declined explicitly either to adopt or reject" a miscarriage of justice, or actual innocence, exception to enforcement of a plea waiver. *Barnes*, 953 F.3d at 389. Nonetheless, in recent cases involving arguments that a miscarriage of justice exception precluded enforcement of a plea waiver in the context of post-conviction *Davis* claims, the Fifth Circuit held that those claims were barred by the plea waiver. *See Caldwell*, 38 F.4th at 1161-62 (reversing district court's application of a miscarriage of justice exception to preclude enforcement of a plea waiver on a post-conviction *Davis* claim, and holding that said challenge was barred by plea waiver); *Brooks*, 2022 WL 2871200, at *2 (holding that the "invocation of [the movant's plea] waiver resolved this case" where certificate of appealability included issue of whether a plea waiver was unenforceable under the miscarriage of justice exception as to post-conviction *Davis* claim). Movant has not shown that the miscarriage of justice exception applies to render his plea waiver unenforceable as to his *Davis* challenge, and he has not demonstrated that he is entitled to § 2255 relief.

## V.     EVIDENTIARY HEARING

To the extent Movant seeks an evidentiary hearing, none is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted).

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a

9

genuine issue. He also has failed to come forward with independent indicia in support of the likely merit of his claim. *See id.* Movant has therefore failed to demonstrate he is entitled to an evidentiary hearing on his claim.

## VI. RECOMMENDATION

The *Amended Motion for Tolling of Time to File 28 U.S.C. § 2255 and Memorandum in Support of Movant's Petition Under 28 U.S.C. § 2255*, received on February 26, 2020 (doc. 11), should be **DENIED** with prejudice.

**SIGNED this 4th day of August, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE