UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID RICE, )<br>    ID # 50259-177, )<br>        Movant, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>        Respondent. ) | No. 3:19-CV-3049-B-BH<br>No. 3:15-CR-383-B(1) |

### ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation ("FCR") in this case. Movant David Rice ("Movant") filed objections to the FCR on August 18, 2022 (doc. 18), and the Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made.

### I. Movant's New Allegations

Movant's objections appear to include a new issue in support of his argument that the plea agreement appeal waiver in the underlying criminal case does not apply to his claim under *United States v. Davis*, 139 S. Ct. 2319 (2019). (*See* doc. 18 at 5-7.) This new ground is liberally construed as a motion to amend Movant's amended § 2255 motion, the motion is granted, and the Court considers the new issue. *See Hale v. Young*, 584 F. App'x 246, 247 (5th Cir. 2014) ("Although issues raised for the first time in objections to a magistrate's report are generally not properly before the district court, a district court may construe the presentation of an issue in this posture as a motion to amend the underlying pleading.") (internal citations omitted). Movant argues that because "waiver of a future constitutional challenge was not a term of the Plea Agreement, which did not

include an unconditional waiver," his *Davis* claim is not barred by his plea agreement waiver. (doc. 18 at 5.) In support, he relies on a discussion at Movant's sentencing hearing during which the Government advised the Court that the exact same language recently held unconstitutional in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), was used to premise Movant's 18 U.S.C. § 924(c) offense, that Movant was aware of the issue, and that Movant wanted to proceed with sentencing under the plea agreement as it stood, rather than execute a modification to the plea agreement or move to withdraw his guilty pleas. (*See* doc. 18 at 3-7; doc. 18-1.)

As discussed in the FCR, the plea agreement included an appeal waiver in which Movant waived his right to appeal his convictions and sentences and his right to otherwise contest his convictions and sentences in a collateral proceeding, except that he reserved the right (a) to bring a direct appeal of a sentence exceeding the statutory maximum punishment or an arithmetic error at sentencing, (b) to challenge the voluntariness of his guilty pleas or the appeal waiver, and (c) to bring a claim of ineffective assistance of counsel. (*See* doc. 17 at 2-3.) Accordingly, even absent a specific waiver of a potential future constitutional §924(c) challenge, the plea agreement waiver barred Movant from challenging his §924(c) sentence and conviction on appeal or in a habeas action except in those limited circumstances described.

In the Fifth Circuit, "'an otherwise valid appeal waiver is not rendered invalid, or inapplicable to an appeal seeking to raise' a newly recognized constitutional error 'merely because the waiver was made before' the error was recognized." *United States v. Burns*, 770 F. App'x 187, 191 (5th Cir. 2019) (quoting *United States v. Burns*, 433 F.3d 442, 450-51 (5th Cir. 2005)). Further, the Fifth Circuit recently held in *United States v. Caldwell*, 38 F.4th 1161 (5th Cir. 2022), that a plea agreement waiver containing the exact same language and limited reservation of rights as Movant's plea

2

agreement waiver barred the defendant's subsequent *Davis* claim in a § 2255 action.[1] *See also United States v. Brooks*, No. 20-10401, 2022 WL 2871200, at *2 (5th Cir. July 21, 2022) (per curiam) ("We recently held that plea waivers of the right to collaterally attack a sentence apply to *Davis* claims."). Accordingly, Movant's plea agreement waiver, upon which he decided to proceed at sentencing, bars his *Davis* claim in this habeas action.

Movant is not entitled to relief under § 2255 or an evidentiary hearing on this newly asserted issue in support of his *Davis* claim.

## II. Movant's Objections

Movant also objected to the FCR on the ground that his § 924(c) sentence was unconstitutional when it was imposed because of *Davis*'s retroactive application, and therefore it exceeded the statutory maximum sentence and is excepted from the plea agreement waiver. (*See* doc. 18 at 7-12.) As indicated in the FCR, the Fifth Circuit implicitly rejected a similar, abbreviated *Davis* argument raised on appeal in *Brooks* when it affirmed the denial of § 2255 relief on the basis that the movant's plea agreement waiver–which mirrors that of Movant in relevant part–applied to the movant's *Davis* challenge and resolved the case. *See Brooks*, 2022 WL 2871200, at *2; Brief for Appellant at 29, *Brooks*, No. 20-10401 (5th Cir. Aug. 26, 2020). Additionally, to the extent Movant's objection relies on his contention that the plea agreement waiver at issue in *Caldwell* is distinguishable from the plea agreement waiver here, such premise is incorrect, as discussed.

---

[1] Movant contends that *Caldwell* is distinguishable from his case because *Caldwell* "dealt with an unconditional appeal waiver, whereas [Movant's] waiver reserved certain rights, including if the sentence exceeds the statutory maximum." (doc. 18 at 1-2.) Movant is mistaken; the plea agreement waiver, including the rights reserved thereunder, at issue in *Caldwell* is virtually identical to Movant's plea agreement waiver. (*Compare* No. 3:15-CR-383-B(1), doc. 39 at 6, *with United States v. Caldwell,* No. 3:14-CR-340-K(2), doc. 155 at 6 (N.D. Tex. July 4, 2016); *see also United States v. Brooks*, No. 3:11-CR-250-M(34), doc. 1011 at 6 (N.D. Tex. July 17, 2012) (containing a similar plea agreement waiver).) *Caldwell* is therefore directly applicable here.

3

Given the Fifth Circuit's recent, implicit rejection in *Brooks* of the argument raised by Movant, the objection is overruled.

### III. Certificate of Appealability

In accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case and the recommendation of the Magistrate Judge, the movant is **DENIED** a Certificate of Appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation in support of its finding that Movant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[2]

In the event that Movant files a notice of appeal, he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis* that is accompanied by a properly signed certificate of inmate trust account.

### IV. Conclusion

Movant's newly asserted issue does not warrant relief under § 2255, and his objection is

---

[2] Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, as amended effective on December 1, 2019, reads as follows:
   **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
   **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability. These rules do not extend the time to appeal the original judgment of conviction.

**OVERRULED**. In accordance with 28 U.S.C. § 636(b)(1), the Court is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court. The *Amended Motion for Tolling of Time to File 28 U.S.C. § 2255 and Memorandum in Support of Movant's Petition Under 28 U.S.C. § 2255*, received on February 26, 2020 (doc. 11), will be denied with prejudice by separate judgment.

SIGNED this 14th day of September, 2022.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE